Filed 7/16/25  P. v. Williams CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101397 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE001615) |
| v. | |
| MARCUS D. WILLIAMS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Marcus D. Williams asks this court to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  Although not required to independently review the record in light of the postconviction posture of this case (see *People v. Delgadillo* (2022) 14 Cal.5th 216, 226 (*Delgadillo*)), we have exercised our discretion to do so.  We have found no arguable error that would result in a disposition more favorable to Williams, but our review has disclosed a clerical error in the abstract of judgment.  We therefore direct the trial court to correct the abstract of

1

judgment and otherwise affirm the trial court's order denying recall of Williams's sentence.

## BACKGROUND

While on probation, Williams chased the victim down a road while driving his car. As Williams gave chase, he fired a gun at the victim from his car. The victim eventually ran into a garage, where Williams continued to shoot at him.

On April 4, 2019, a jury found Williams guilty of assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b)) and being a felon in possession of a firearm (§ 29800, subd. (a)(1)).[1] The jury also found true that Williams personally used a firearm in the commission of the assault (§ 12022.5, subds. (a) & (d)). The trial court found true two prior serious felony convictions (§ 667, subd. (a)) and one prior prison term enhancement under section 667.5, subdivision (b).

In July 2019, the trial court sentenced Williams to a prison term of 27 years to life, plus 14 years, consisting of: 27 years to life on the assault count, the middle term of four years for the section 12022.5, subdivision (a) firearm enhancement, and two five-year enhancements under section 667, subdivision (a). The court also sentenced Williams to the upper term of three years for the felon in possession of a firearm count, doubled due to his prior serious felony convictions, to run concurrently with the assault count. The court imposed but stayed the one-year prior prison term enhancement under section 667.5, subdivision (b). It also imposed an $80 court operations assessment (§ 1465.8) and a $60 conviction assessment (Gov. Code, § 70373).

On his direct appeal, this court struck the one-year prior prison term enhancement (§ 667.5, subd. (b)) after concluding that the prior conviction allegation supporting the enhancement was dismissed prior to judgment. (*People v. Williams* (Nov. 20, 2020,

---

[1] Undesignated statutory references are to the Penal Code.

C090246) [nonpub. opn.].)  We otherwise affirmed the judgment.  (*Ibid.*)  On December 15, 2020, the trial court filed an amended indeterminate abstract of judgment, which struck the prior prison term enhancement.

In 2024, pursuant to section 1172.75, the California Department of Corrections and Rehabilitation (CDCR) informed the trial court that Williams's sentence contained an invalid prior prison term enhancement.  Section 1172.75, subdivision (a) states that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid."  The statute requires the Secretary of CDCR and other correctional officials to identify persons "serving a term for a judgment that includes" a qualifying prior prison term enhancement and to provide specified information about such persons to the sentencing court.  (§ 1172.75, subd. (b).)  Upon receiving this information, a trial court must "review the judgment and verify that the current judgment includes" a qualifying sentence enhancement.  (§ 1172.75, subd. (c).)  "If the court determines that the current judgment includes" such an enhancement, "the court shall recall the sentence and resentence the defendant."  (*Ibid.*)

Upon receiving Williams's name from CDCR, the trial court "reviewed its file and determined" that Williams's "priors have already been stricken."  He was therefore "ineligible for recall of sentence."

Williams filed a timely appeal from this order.

DISCUSSION

Williams's appointed counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Ordinarily, the *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution."  (*Delgadillo*, *supra*,

3

14 Cal.5th at p. 221.)  In *Delgadillo*, our state Supreme Court explained that the *Wende* process is not required in an appeal from a trial court's order denying a petition for postconviction relief under section 1172.6.  (*Delgadillo*, at pp. 221-226.)  Although the present case concerns postconviction relief under a different statute, the same principles may apply, given that this is not Williams's first appeal of right.

We nevertheless exercise our discretion to independently review the postconviction record, as *Delgadillo* permits.  (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) Having undertaken this review, we find no arguable error that would result in a disposition more favorable to Williams.

We have, however, identified a clerical error in the abstract of judgment.  "An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize."  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) "Courts may correct clerical errors at any time," and this court, having properly assumed jurisdiction of the case, may order correction of the abstract of judgment if it does not accurately reflect the oral pronouncement of the judgment of the sentencing court.  (*Ibid.*) The determinate abstract of judgment lists Williams's date of conviction for the felon in possession of a firearm count as April 7, 2014.  This appears to be an error, because the jury convicted Williams of being a felon in possession of a firearm on April 4, 2019.  We therefore order the determinate abstract corrected to reflect the date of conviction for the felon in possession of a firearm count as April 4, 2019.

DISPOSITION

The order denying recall of Williams's sentence is affirmed.  The trial court is ordered to correct the determinate abstract of judgment to reflect the date of conviction for the felon in possession of a firearm count as April 4, 2019, and to send an amended copy of the abstract to the Department of Corrections and Rehabilitation.


/s/_____
FEINBERG, J.



We concur:



/s/_____
DUARTE, Acting P. J.



/s/_____
WISEMAN, J.[*]

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.